17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steve LENNOX, Plaintiff-Appellant,
v.
Ron CHAMPION; Don Allen; Joe Keene; Jim Evans; and Bill
Engles, Defendants-Appellees.
 No. 93-5231.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Lennox, a state inmate and pro se litigant, appeals the adverse grant of summary judgment.
 
 
 3
 Mr. Lennox filed a 42 U.S.C.1983 suit complaining the defendant prison officials violated his equal protection rights by firing him from his janitor/clerk position in the prison's plumbing department because he was black. Mr. Lennox also challenged the prison's hiring practices concerning minorities, an issue that was adversely decided to Mr. Lennox and which was not appealed.
 
 
 4
 Defendants filed a motion for summary judgment together with supporting evidentiary material that shows Mr. Lennox was issued a job-related misconduct charge for failing to obey the direct orders of prison staff and that Mr. Lennox was removed from his prison job as a result of his "conviction" for this offense. Mr. Lennox was given an opportunity to respond and failed to contest this factual matter.
 
 
 5
 The district court applied the analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and concluded Mr. Lennox had made a prima facie case of discrimination but had failed to show defendants' legitimate reasons for his termination were pretextual. The district court granted defendants' motion for summary judgment.
 
 
 6
 On appeal, Mr. Lennox asserts the reasons advanced by defendants for his discharge were in fact pretextual. Mr. Lennox points to his job evaluations issued prior to his discharge showing him to be a good worker. Those prior evaluations do not bear upon defendants' reasons for termination.
 
 
 7
 Mr. Lennox also complains of the district court's failure to allow further discovery. For Mr. Lennox to become entitled to further discovery, he first had to make a specific showing. This he failed to do.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470